People v Norry (2024 NY Slip Op 03629)

People v Norry

2024 NY Slip Op 03629

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

371 KA 19-01418

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT T. NORRY, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered May 30, 2019. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment which convicted him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]). We affirm.
The victim—defendant's girlfriend—was stabbed 34 times in the throat, torso and back, resulting in, among other injuries, a perforated heart, in the apartment in Rochester that she shared with defendant. The police found clothing, which bore defendant's DNA and was covered in the victim's blood, in the apartment, and security camera footage showed that defendant was wearing that clothing before the victim was killed. On the night of the murder, a neighbor heard defendant and the victim arguing loudly and, after the victim was stabbed, defendant visited several local bars wherein he told a series of friends that he was moving away and would soon be in jail or dead. Three days after the murder, defendant was arrested in the State of Washington.
Contrary to defendant's contention, under the fellow officer rule (see People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992]), police officers in Washington had probable cause to arrest him based on the information contained in the National Crime Information Center bulletin issued with respect to defendant. The bulletin gave the license plate number of defendant's vehicle, asked officers to stop the "felony involved vehicle" and identify its occupants, described defendant's physical appearance, and identified him as a "possible murder suspect" who was believed to be armed (see People v Motter, 235 AD2d 582, 583, 586 [3d Dept 1997], lv denied 89 NY2d 1038 [1997]; People v Arefaine, 221 AD2d 979, 979 [4th Dept 1995], lv denied 87 NY2d 919 [1996]).
Defendant failed to preserve for our review his contentions that his statements to the police should be suppressed because the Uniform Criminal Extradition Act (UCEA) (CPL art 570; Wash Rev Code ch 10.88) is the exclusive means to effect an out-of-state arrest, and because officers from the Rochester Police Department purposely circumvented defendant's indelible right to counsel by choosing not to obtain an arrest warrant and use the procedures set forth in the UCEA (see CPL 470.05 [2]). In any event, even if the statements were obtained in violation of defendant's indelible right to counsel, any error in admitting those statements in evidence is harmless beyond a reasonable doubt (see People v Lopez, 16 NY3d 375, 386-387 [2011]; People v Crimmins, 36 NY2d 230, 240-241 [1975]) inasmuch as there is no "reasonable possibility that the . . . [error] might have contributed to the conviction" (Crimmins, 36 NY2d at [*2]241; see Lopez, 16 NY3d at 386-387). Likewise, we conclude that, even assuming, arguendo, that defendant's statements to the police were involuntary, any error in admitting those statements is harmless beyond a reasonable doubt (see Lopez, 16 NY3d at 386-387; Crimmins, 36 NY2d at 240-241).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court